UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RRPIX, INC., a California corporation, | |
| Plaintiff, | |
| -against- | |
| VICTORIA A. INT'L LLC, a New York limited liability company, individually and doing business as "MAKARI DE SUISSE" and "SHOP MAKARI"; and DOES 1-10, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/8/2024

23 Civ. 5491 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Rrpix, Inc., brings this copyright infringement action against Defendants, Victoria A. Int'l LLC ("Victoria A.") and Does 1–10. Compl., ECF No. 1. On September 15, 2023, Plaintiff requested, and the Clerk of Court issued, a certificate of default against Victoria A. ECF Nos. 9, 11. On February 16, 2024, counsel for Victoria A. filed a notice of appearance and an answer to the Complaint. ECF Nos. 12, 14. As directed by the Honorable Valerie Figueredo, ECF No. 16, Victoria A. moved to vacate the certificate of default on March 15, 2024. ECF No. 17; Def. Mem., ECF No. 18. The case was reassigned to the undersigned on April 15, 2024.

 "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Victoria A. contends that the certificate of default should be vacated because (1) its default was not willful, (2) setting aside the default would not prejudice Plaintiff, and (3) Victoria A. contends it has meritorious defenses. Def. Mem. at 3.[1] In particular, Victoria A. represents that its delay in appearing was the result of improper service, and that its counsel promptly appeared in the action upon Plaintiff counsel's request. *Id.* at 6–7. Plaintiff, who has not opposed Victoria A.'s motion, has not established that the delay in Victoria A.'s appearance "result[ed] in the loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation and internal quotation marks omitted).

In keeping with the Circuit's "clear preference" for adjudicating cases on the merits, *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001), the certificate of default at ECF No. 11 is VACATED. By **September 5, 2024**, the parties shall file a joint letter updating the Court on the status of settlement efforts.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17.

---

[1] Page numbers in this order correspond to the ECF document.

SO ORDERED.

Dated: August 8, 2024
      New York, New York

ANALISA TORRES
United States District Judge